IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| V. § | No. 2:07-CR-131 |
| § | |
| CHRISTOPHER HUGHES (3) § | |

**PLEA AGREEMENT**

Christopher Hughes (the defendant), Walter Wolfram, the defendant's attorney, and the United States of America (the government), agree as follows:

1. **Rights of the defendant**: The defendant understands that he has the right

   a. to plead not guilty;

   b. to have a trial by jury;

   c. to have his guilt proven beyond a reasonable doubt;

   d. to confront and cross-examine witnesses and to call witnesses in his defense; and

   e. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: The defendant waives these rights and pleads guilty to Count Eighteen of the indictment, charging a violation of 18 U.S.C. §§ 1341 and 2, that is, Mail Fraud and Aiding and Abetting. The defendant understands the nature and elements of the crime to which he is pleading guilty, and agrees that the factual resume he has signed is true and will be submitted as evidence.

3. **Sentence**: The maximum penalties the Court can impose include:

   a. imprisonment for a period of not more than 20 years;

  b. a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

  c. a term of supervised release of not more than 3 years, which must follow any term of imprisonment.  If the defendant violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release and be subject to additional supervised release;

  d. a mandatory special assessment of $100.00;

  e. restitution to victims or to the community, which may be mandatory under the law, and which the defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone; and

  f. costs of incarceration and supervision.

4. **Sentencing guidelines**:  The defendant has reviewed the application of the guidelines with his attorney, but understands that the guidelines are advisory only and that the Court is not obligated to apply the guidelines.

5. **Court's discretion**:  The defendant understands that the actual sentence imposed (so long as it is within the statutory maximum), is solely in the discretion of the Court.

6. **Mandatory special assessment**:  The defendant agrees to pay to the U.S. District Clerk the amount of $100.00, in satisfaction of the mandatory special assessment in this case.

7. **Defendant's cooperation**:  The defendant shall cooperate with the government by giving truthful and complete information and/or testimony concerning his participation in the offense of conviction and knowledge of criminal activities.  Upon demand, the defendant shall submit a personal financial statement under oath and submit to

**Plea Agreement - Page 2**

interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution. The government will advise the Court of the extent of the defendant's cooperation.

8. **Government's agreement**: The government will not bring any additional charges against the defendant based upon the conduct underlying and related to his plea of guilty and agrees to dismiss any remaining counts of the indictment at sentencing. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against the defendant or any property.

9. **Violation of agreement**: The defendant understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute him for all offenses of which it has knowledge. In such event, the defendant waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, the defendant also waives objection to the use against him of any information or statements he has provided to the government, and any resulting leads.

10. **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

11.  **Representation of counsel**: The defendant has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation. The defendant has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, the defendant has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

12.  **Entirety of agreement**: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this 21st day of February 2008.

RICHARD B. ROPER
UNITED STATES ATTORNEY

_____
CHRISTOPHER HUGHES
Defendant

_____
WALTER WOLFRAM
Attorney for Defendant

DENISE WILLIAMS
DEPUTY CRIMINAL CHIEF

_____
VICKI LAMBERSON
Assistant United States Attorney
Texas State Bar No. 10081500
500 S. Taylor, Suite 300, LB 238
Amarillo, Texas  79101
Tel:  806.324.2356
Fax:  806.324.2399
vicki.lamberson@usdoj.gov